IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: EX PARTE APPLICATION § <br> OF IBIUNA CRÉDITO GESTÃO DE § <br> RECURSOS LTDA., TRAVESSIA § <br> SECURITIZADORA DE CRÉDITOS § <br> FINANCEIROS S.A. AND § <br> TRAVESSIA SECURITIZADORA DE § <br> CRÉDITOS FINANCEIROS XXXII § <br> S.A. FOR AN ORDER PURSUANT § <br> TO 28 U.S.C. § 1782 § | No. 3:24-mc-24-D-BN |

**MEMORANDUM OPINION AND ORDER**
**REGARDING REQUEST FOR LEAVE TO FILE EX PARTE**

Senior United State District Judge Sidney A. Fitzwater has referred to the undersigned United States magistrate judge the May 8, 2024 ex parte petition of Ibiuna Crédito Gestão De Recursos Ltda., Travessia Securitizadora De Créditos Financeiros S.A. and Travessia Securitizadora De Créditos Financeiros XXXII S.A. for an order permitting discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782 [Dkt. No. 1], and all attendant and subsequent procedural motions bearing on it, under 28 U.S.C. § 636(b). *See* Dkt. No. 4.

Petitioners asked the Court to decide their petition on an ex parte basis. *See* Dkt. No. 1. And, because Petitioners filed the petition ex parte, the Clerk's Office docketed the petition under seal (even though Petitioners have not separately asked – apart from filing the petition as ex parte – for filing under seal).

The Court then entered a sealed Memorandum Opinion and Order and Notice of Deficiency Regarding Request for Leave to File Ex Parte, *see* Dkt. No. 5, explaining

-1-

that

> [t]his Court has previously noted "that ex parte filing of an application for discovery under 28 U.S.C. § 1782 is permissible." *In re Application of Eurasian Bank Joint Stock Co. for Expedited Jud. Assistance Pursuant to 28 U.S.C. § 1782*, No. 3:15-mc-106-L-BN, 2015 WL 6438256, at *1 (N.D. Tex. Oct. 21, 2015). But the cases supporting that observation explain that ex parte filing is permissible "where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application" and where, "once the subpoenas are served, [the respondent] will have the opportunity to move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45," so that "[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.* (cleaned up).

> The United States Court of Appeals for the Fifth Circuit more recently observed "that it is not unusual for § 1782(a) applications to be made initially on an ex parte basis to the district courts, though this does not seem to be routine practice," and that "[t]here is no reason to disapprove ex parte applications." *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022).

> But the Court of Appeals explained that "[t]he procedural device used should not, however, narrow a respondent's legal rights on receipt of a § 1782(a) subpoena." *Id.* And, so, the Fifth Circuit held that a "district court's ex parte approval of [a] § 1782(a) application [is not] immune from adversarial testing" through "a respondent's challenge to the merits of the initial § 1782(a) application" as to whether the applicant "satisfied the statutory criteria and the *Intel* factors to obtain § 1782(a) discovery," including on "a respondent's request for reconsideration of the merits after an ex parte § 1782(a) discovery order." *Id.* at 474-76.

> The Fifth Circuit panel's discussion also reflects that the Court of Appeals does not expect or did not, in that decision, approve of ex parte applications becoming a routine or default practice. *See id.* at 475 ("The district court's refusal to reconsider invites gamesmanship and even more ex parte applications for discovery."); *see generally id.* at 476 ("In the end, '[o]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439)). And the Fifth Circuit has more generally explained that "[e]x

parte proceedings are an exception to the rule in our judicial system and contrary to its adversarial nature." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 231 (5th Cir. 2008)

In support of ex parte treatment of their petition, Petitioners state that "[a]pplications under section 1782 may be decided by district courts on an ex parte basis." Dkt. No. 2 at 19 (citing *In re Application of Masters for an Ord. Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269 (D.D.C. 2018), and *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.")).

And Petitioners explain "that as a general matter, ex parte review is 'justified by the fact that the parties [from whom discovery is sought] will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" Dkt. No. 2 at 18 (quoting *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) (citing *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976)).

But Petitioners offer no justification or rationale for ex parte filing and decision in this particular case beyond citing these general legal principles – suggesting, in essence, that filing ex parte should be (contrary to the Fifth Circuit's stated understanding) a "routine practice" or the default manner of proceeding so long as the respondent's due process rights are not violated.

And even the district court decision on which Petitioners rely noted that, in that matter, "the applicant has failed to provide the Court with any specific reason why ex parte review is appropriate in this particular case" and then provided the court's finding as to why "ex parte review [was] nonetheless appropriate" in that case. *In re Application of Masters*, 315 F. Supp. 3d at 272-73 (cleaned up).

And a published decision of the United States Court of Appeals for the Second Circuit has noted that, where the proposed subpoena target in that matter was on notice of a Section 1782 applicant's "interest in discovery, there is no longer a reasonable basis for proceeding ex parte" and noted that the respondent's involvement in briefing on any new Section 1782 application in that case should put a district court "in a better position to assess both the statutory prerequisites to the district court's authority under § 1782 and the discretionary factors bearing on whether, if those prerequisites are satisfied, the district court will order discovery to be provided." *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 125 (2d Cir. 2015).

Dkt. No. 5 at 1-5.

The Court then explained that, "[i]n the absence of any stated justification or rationale for ex parte treatment, the Court is inclined to deny Petitioners' request to have the Court decide their petition ex parte and to order that Petitioners' counsel serve the petition on Respondent Riata Corporate Group, LLC and set a briefing schedule"; that "denying leave for ex parte consideration would also lead the Court to order that the petition and this order be unsealed"; and that "the Court will afford Petitioners the opportunity to, by **Monday, July 8, 2024**, file a response to this order and to explain the justification and rationale for their request for ex parte treatment of the petition in this matter," *id.* at 5.

Petitioners filed their Response to Memorandum Opinion and Order and explained that, "[i]n light of the [Memorandum Opinion and Order and Notice of Deficiency Regarding Request for Leave to File Ex Parte], Petitioners withdraw their request for ex parte treatment of the petition in this matter"; will serve the petition on Respondent Riata Corporate Group, LLC ('Riata') and set a briefing schedule"; and "will file a notice with the Court once Riata has been served." Dkt. No. 6 at 1. And, "[i]n light of the above, Petitioners do not contest unsealing the petition or the" Memorandum Opinion and Order and Notice of Deficiency Regarding Request for Leave to File Ex Parte. *Id.*

For the reasons explained in the Court's prior order and based on Petitioners' response, the Court denies as moot Petitioners' request for ex parte treatment of the

petition in this matter.

And the Court directs the Clerk of the Court to unseal both (1) the May 8, 2024 petition of Ibiuna Crédito Gestão De Recursos Ltda., Travessia Securitizadora De Créditos Financeiros S.A. and Travessia Securitizadora De Créditos Financeiros XXXII S.A. [Dkt. No. 1] and (2) the June 28, 2024 Memorandum Opinion and Order and Notice of Deficiency Regarding Request for Leave to File Ex Parte [Dkt. No. 5].

The Court will confirm a briefing schedule for the petition after Petitioners file their notice that Riata has been served.

SO ORDERED.

DATED: July 9, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE