IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: EX PARTE APPLICATION §
OF IBIUNA CRÉDITO GESTÃO DE §
RECURSOS LTDA., TRAVESSIA §      No. 3:24-mc-24-D-BN
SECURITIZADORA DE CRÉDITOS §
FINANCEIROS S.A. AND §
TRAVESSIA SECURITIZADORA DE §
CRÉDITOS FINANCEIROS XXXII §
S.A. FOR AN ORDER PURSUANT §
TO 28 U.S.C. § 1782 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Senior United State District Judge Sidney A. Fitzwater has referred to the undersigned United States magistrate judge the May 8, 2024 petition of Petitioners Ibiuna Crédito Gestão de Recursos Ltda. ("Ibiuna"), Travessia Securitizadora de Créditos Financeiros XXXII S.A., ("Travessia XXXII") and Travessia Securitizadora de Créditos Financeiros S.A. ("Travessia"; collectively, the "Petitioners") for an order permitting discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782 [Dkt. No. 1] (the "Application"), and all attendant and subsequent procedural motions bearing on it, under 28 U.S.C. § 636(b). *See* Dkt. No. 4.

Petitioners ask the Court to enter an order in the form of the proposed order attached as Exhibit B to the Application, authorizing Petitioners to obtain discovery from Riata Corporate Group, LLC ("Riata") for use in judicial proceedings pending in Brazil, in the form of the subpoena duces tecum attached as Exhibit A to the Application (the "Subpoena"). *See* Dkt. No. 1 at 1-16 of 16.

-1-

After being served with a copy of the Application, Riata filed a response explaining that it "does not oppose entry of an order authorizing Petitioners to serve the Subpoena upon Riata insofar as the Subpoena is in form and substance identical to that attached as Exhibit A of the" Application and that, "[t]o the extent any resulting discovery request served upon Riata exceeds the scope of the Subpoena, Riata opposes the entry of an order granting the" Application. Dkt. No. 12 at 1-2.

For the reasons explained below, the Court should grant the Application [Dkt. No. 1].

## Background

Petitioners explain that the "Application arises from foreign civil and criminal proceedings pending in Brazil concerning the business operations of Starbucks and Subway in that country, held through the SouthRock Group, a group of U.S. and Brazilian companies controlled and owned by Kenneth Steven Pope" and that the facts supporting the Application are included "in the accompanying Declaration of Petitioners' local Brazilian attorney, José Luiz Bayeux, filed" with the Application. Dkt. No. 2 at 5 of 674.

According to Petitioners, the Application's purpose "is to gather evidence in the Northern District of Texas for use in three civil proceedings, in addition to two judicial reorganization proceedings, and a criminal investigation – the civil proceedings and criminal proceeding were initiated by Petitioners in the State of São Paulo, Brazil; the judicial reorganization proceedings were filed by Starbucks Brazil Ltda., Subway

do Brasil Ltda., and other companies, and Petitioners are parties of these proceedings." *Id.* at 5-6 of 674 (cleaned up).

Petitioners explain that "[t]he discovery sought consists of documents regarding Mr. Pope's contribution to a 401(K) plan as an employee at Riata"; that, "[u]nder Brazilian law, Petitioners have a duty to investigate and identify a defendant's assets to satisfy the total debt owed and to proceed with their attachment or garnishment"; and that, "[t]herefore, the evidence will be used to show that (i) Mr. Pope and his companies have assets in the United States either through investments and/or bank accounts; and (ii) Mr. Pope, despite being the personal guarantor of the loan granted by Petitioners, might have transferred funds to and concealed assets located in the United States with the intent of defaulting the payment of such financing, as well as the payment of the debts listed in Mr. Pope's SouthRock Group's judicial reorganization proceedings pending in the São Paulo State Court." *Id.* at 6 of 674 (cleaned up); *see also id.* at 7-18 of 674 (further factual background).

## Legal Standards and Analysis

I.    <u>A 28 U.S.C. § 1782 application should be treated as a dispositive motion.</u>

"This dichotomy of a magistrate judge's authority in civil cases referred by the district court is outlined in the Federal Magistrates Act, 28 U.S.C. § 636, and seeks to enforce the constitutional limits on non-Article III judges." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762-63 (5th Cir. 2016) (citation omitted).

As the United States Court of Appeals for the Fifth Circuit recently explained that, "[a] magistrate judge's authority to issue dispositive orders derives from Article

III district courts, and that authority must be properly delegated. A district court may refer a matter to a magistrate judge for pretrial, nondispositive orders under 28 U.S.C. § 636(b). But a magistrate judge acting under § 636(b) delegation has no power to dispose of a case, and rather may only make recommendations, with the district court retaining the power to accept, reject, or modify the proposal before finally deciding the case. 28 U.S.C. § 636(b)(1)." *Sealed Appellee v. Sealed Appellant*, No. 21-10427, 2022 WL 597249, at *1 (5th Cir. Feb. 28, 2022) (cleaned up).

28 U.S.C. § 636(b)(1)(A) "lists the following as dispositive pretrial matters in civil cases in which the magistrate judge may only issue a recommendation: motions for injunctive relief, for judgment on the pleadings, for summary judgment, to certify or decertify a class action, to dismiss for failure to state a claim, and to involuntarily dismiss a case." *Davidson*, 819 F.3d at 763.

And Federal Rule of Civil Procedure 72 correspondingly provides that:

- "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."
- "A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."

FED. R. CIV. P. 72(a), (b)(1).

The undersigned is persuaded that an application for judicial assistance pursuant to 28 U.S.C. § 1782 cannot be treated as nondispositive, *see CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807-08 (9th Cir. 2022), even though a follow-on motion to quash or enforce the resulting subpoena may be nondispositive, *see Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 971-72 (5th Cir. 2020).

The undersigned recognizes that "the majority approach" among district courts in this circuit and elsewhere may be to treat Section 1782 applications as nondispositive matters. *CFE Int'l LLC v. Antaeus Grp. LLC*, No. 1:23-CV-56-DII, 2023 WL 7181266, at *3 (W.D. Tex. Nov. 1, 2023).

And a Section 1782 application is not included among the motions listed in 28 U.S.C. § 636(b)(1)(A) that a magistrate judge may not determine by order without the parties' consent, and it may not have an identical effect to one of the listed motions. *See* 28 U.S.C. § 636(b)(1)(A); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 807-09 (10th Cir. 2023).

But the Fifth Circuit has made clear that

- a motion's exclusion from Section 636(b)(1)(A)'s list does not resolve the question of whether it "should be treated as [a] dispositive matter[] in which only the district court may enter an order;
- "[t]he duty to avoid constitutional difficulties when interpreting a statute warrants a narrow reading of the matters in which a magistrate judge may enter orders without *de novo* Article III review"; and
- "a merits determination is not a necessary feature of a 'dispositive' matter as the statute labels requests for preliminary injunctions and class certification as dispositive."

*Davidson*, 819 F.3d at 763-764 (cleaned up).

-5-

And, for the reasons that the panel of the United States Court of Appeals for the Ninth Circuit in *CPC* convincingly explained, the undersigned concludes that an application for court-ordered discovery pursuant to Section 1782 is a dispositive matter for purposes of 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, where any orders denying the application "effectively cut off all avenues for relief in federal court, even if they leave major substantive issues to be determined by other tribunals." *CPC*, 34 F.4th at 808. And, so, an order denying a Section 1782 application "is dispositive insofar as proceedings in the federal court are concerned and thus is the functional equivalent of an order of dismissal," *Davidson*, 819 F.3d at 763-64 (cleaned up) – or, in the words of other circuit courts' decisions, "analogous" to, if not "of the same character as," one of Section 636(b)(1)(A)'s listed motion, *In re U.S. Dep't of Educ.*, 25 F.4th 692, 699 (9th Cir. 2022); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010).

This analysis of whether a matter is dispositive for Section 636(b)'s purposes tracks the Fifth Circuit's conclusions in several decisions in related contexts. *See Davidson*, 819 F.3d at 762-65 (5th Cir. 2016) (a motion to remand to state court is dispositive); *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 694 n.1 (5th Cir. 2017) (an administrative subpoena enforcement action brought by the E.E.O.C. is a dispositive matter); *United States v. First Nat. Bank of Atlanta*, 628 F.2d 871, 873 (5th Cir. 1980) (an action to enforce an IRS summons under 26 U.S.C. § 7604 is dispositive); *see also Certified Lab'ys v. Momar, Inc.*, No. 3:22-mc-60-K-BN, 2022 WL 4370456 (N.D. Tex.

Aug. 16, 2022) (treating as dispositive an application to enforce arbitration subpoenas under 9 U.S.C. § 7), *rep. & rec. adopted*, 2022 WL 4371507 (N.D. Tex. Sept. 21, 2022).

On the other hand, motions to transfer a case to another federal district and motions regarding Federal Rule of Civil Procedure 45 subpoenas issued in another federal district court are not dispositive, where those motions not listed in 28 U.S.C. § 636(b)(1)(A) and do not have an identical effect to, or amount to the functional equivalent of, one of the listed motions and where resolving those motions does not terminate the only matter pending in federal court or any claim or defense and does not dispose of or bring an end to the underlying matter that is or will be pending in another federal court. *See CPC*, 34 F.4th at 808; *Leonard v. Martin*, 38 F.4th 481, 485 (5th Cir. 2022); *In re U.S. Dep't of Educ.*, 25 F.4th at 697-99; *Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021); *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327-28 (11th Cir. 2020); *accord In re Abubakar*, 696 F. Supp. 3d 479, 490-92 & n.4 (N.D. Ill. 2023); *cf. Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 396 (3d Cir. 2021) (concluding that a decision on a motion to vacate letters of request issued by the district court in the matter at hand "is non-dispositive" "based on the fact … that, unlike in the [28 U.S.C.] § 1782 and administrative subpoena contexts, the underlying case will continue in U.S. courts after this discovery dispute is settled and a decision on the motion will not terminate a claim or defense").

II.    <u>Petitioners have made the required showing on the statutory requirements.</u>

28 U.S.C. § 1782(a) provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to

produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation," and that "[t]he order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

"Section 1782 allows an interested party to a foreign proceeding to apply to a United States district court in order to obtain discovery related to the foreign proceeding where the source of the discovery is not a party to the foreign proceeding and can be found within the jurisdiction of the district court." *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012). If the Court permits seeking the requested discovery, "unless the court orders otherwise, the testimony or documents shall be produced in accord with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a)." *Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573, 574 (5th Cir. 2016).

But, first, "[t]hree statutory requirements must be satisfied before a district court may grant assistance under § 1782(a): (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person." *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319,

322 (5th Cir. 2015) (cleaned up).

And the Court should find that Petitioners' Application satisfies those requirements.

## A. "Resides or is found"

First, as Petitioners note, Riata resides or is found in the Northern District of Texas because it is either headquartered here or has its principal place of business here. *See* Dkt. No. 2 at 6, 20-21 of 674.

## B. "For use in a proceeding in a foreign or international tribunal"

As to the second requirement, Petitioners explain that two civil proceedings, the judicial reorganization, and the criminal organization "qualify as proceedings in a 'foreign or international tribunal' for purposes of Section 1782" and that "numerous courts have found that civil proceedings (including enforcement proceedings) before Brazilian courts satisfy Section 1782's requirements." Dkt. No. 2 at 21 of 674. And these foreign proceedings "are adjudicative proceedings 'in a foreign or international tribunal' for purposes of Section 1782 because the Brazilian courts overseeing the Brazilian proceedings are first instance decision-makers tasked with resolving evidentiary disputes, collecting and reviewing evidence in order to resolve those disputes, and permitting certain of its decisions to be appealed and become subject to further review." *Id.* at 22 n.43 of 674 (cleaned up).

And, Petitioners explain, their requested discovery is "for use" in those foreign proceedings, where "the information sought in the Subpoena is highly material and relevant to the Foreign Proceedings" and "Petitioners seek discovery through this

-9-

Application for use in the foreign proceedings to identify and prove any fraudulent transfers that Mr. Pope, his companies, or employees/agents thereof may have made and that can be used to satisfy the debt." *Id.* at 22 of 674 (cleaned up). Petitioners contend that, "[w]ithout this Application, Petitioners wouldn't be able to produce these evidence." *Id.*

C. "An interested person"

As to the third requirement, "Petitioners are the plaintiffs in the foreign civil proceedings and are therefore 'interested persons' under Section 1782." *Id.* at 22 of 674 (cleaned up).

\* \* \* \*

The Court should find that the Application satisfies the three Section 1782(a) statutory requirements.

III.    The discretionary factors weigh in favor of granting Mr. Oh's application.

"[O]nce an interested party makes the requisite showing that it has met the statutory [requirements], the district court judge has the discretion to grant the application seeking the authority to issue subpoenas." *Tex. Keystone*, 694 F.3d at 553.

The Fifth Circuit "has provided a shorthand description of the [United States Supreme] Court's '*Intel* factors,' the considerations that should inform the district courts' exercise of discretion, as follows:

(i)    whether the person from whom discovery is sought is a 'participant in the foreign proceeding,' such that the person, unlike a nonparticipant, is amenable to discovery in the foreign forum and the discovery may be unobtainable in that forum;

(ii)    the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government or forum to U.S. federal court assistance;

(iii)   'whether the 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions ....'; and

(iv)    whether the request is 'unduly intrusive or burdensome.'"

*Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022) (cleaned up; citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). "Several courts have observed that this discretion is informed by the twin aims of the statute, which are to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts." *Tex. Keystone*, 694 F.3d at 553-54 (cleaned up).

The Court should find that the *Intel* factors weigh in favor of granting the Application.

A.  <u>Riata is not a participant in the foreign proceedings.</u>

As to the first discretionary factor, "when the person from whom discovery is sought is a participant in the foreign proceeding ..., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

-11-

"Section 1782 does not require [an applicant] to seek discovery in the foreign jurisdiction before seeking the assistance of a district court. But a respondent's connection to the foreign proceeding is part of a broader inquiry: whether the discovery is outside the foreign tribunal's jurisdictional reach, and thus unobtainable absent § 1782(a) aid." *LEG Q LLC v. RSR Corp.*, No. 3:17-cv-1559-N-BN, 2017 WL 3780213, at *8 (N.D. Tex. Aug. 31, 2017) (cleaned up).

Petitioners explain that Riata "is not a party to the foreign proceedings and is beyond the subpoena powers of Brazilian courts"; that, because Riata "is not a Brazilian entity, neither the São Paulo State Court nor the Brazilian Criminal Authority have jurisdiction to compel it to produce documents"; and that Riata "is not and will not be party to the Brazilian Judicial Reorganization Proceedings or to the Brazilian Civil Proceedings, and [] is not a target of the Brazilian Criminal Proceeding." Dkt. No. 2 at 23 of 674 (cleaned up).

This factor weighs in favor of granting the Application.

B. Brazilian courts are receptive to U.S. judicial assistance.

Petitioners explain that "[t]he Brazilian courts will be receptive to evidence obtained through this Application" and that "[c]ourts in Brazil regularly accept evidence that is obtained by way of Section 1782 discovery in the United States, and they regularly accept it from parties in a similar position than Petitioners in the Brazilian Judicial Reorganization Proceedings (creditor) or in the Brazilian Civil Proceedings (plaintiff)." Dkt. No. 2 at 24-25 of 674 (cleaned up). And, according to

Petitioners, "[t]he Brazilian Criminal Authority likewise would receive all relevant evidence obtained from the 1782 Application, particularly where, as here, it is offered by the victim who commenced the criminal investigation." *Id.* at 25 of 674 (cleaned up).

And there is, on this record, no "authoritative proof that a foreign tribunal would reject evidence because of a violation of [an] alleged [foreign] privilege.'" *Ecuadorian Plaintiffs*, 619 F.3d at 378 (cleaned up). Rather, Petitioners explain that "there are no Brazilian privilege laws or other policy issues preventing the disclosure or admissibility of financial information, which is regularly admitted in and critical to proceedings as those mentioned here." *Id.* (cleaned up).

This factor weighs in favor of granting the Application.

C.  There is no circumvention of foreign discovery procedures.

28 U.S.C. "§ 1782(a) contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." *Intel*, 542 U.S. at 247. But, as another court in this circuit has explained, "while the court should not base its § 1782(a) decision on whether this discovery would be allowed in [Brazil], it may consider [Brazilian] restrictions and whether this request is an attempt to thwart those restrictions." *In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d 899, 906 (S.D. Tex. 2016).

But, Petitioners explain, "[h]ere, there is no reason to believe that any of the discovery sought violates any foreign laws and/or public policy, nor there is any declaration that demonstrates that allowing discovery in this case could offend

-13-

Brazilian Laws," and "Brazilian laws do not prohibit the collection of information sought via this Application." Dkt. No. 2 at 26 of 674 (cleaned up).

This factor weighs in favor of granting the Application.

D. <u>The discovery request is not unduly burdensome or intrusive.</u>

Petitioners contend that "the document requests for [Riata] are narrowly tailored and directly relevant and proportional to the issues in the foreign proceedings" and that, if Riata "reasonably believes that any documents present any confidentiality concerns, Petitioners are willing to consider accommodating such concerns, such as by stipulating to a protective order." Dkt. No. 2 at 26 of 674 (cleaned up).

And Riata filed a response explaining that it "does not oppose entry of an order authorizing Petitioners to serve the Subpoena upon Riata insofar as the Subpoena is in form and substance identical to that attached as Exhibit A of the" Application and that, "[t]o the extent any resulting discovery request served upon Riata exceeds the scope of the Subpoena, Riata opposes the entry of an order granting the" Application. Dkt. No. 12 at 1-2.

In his response to the amended Section 1782 application, Mr. Minhas complained that, because Mr. Oh filed his amended Section 1782 application without a proposed subpoena, Mr. Minhas could not address whether Mr. Oh's requested discovery is burdensome, unduly intrusive, or narrowly tailored as Mr. Minhas did not know what Mr. Oh will request.

-14-

This factor weighs in favor of granting the Application.

* * * *

After considering the *Intel* factors, the Court should exercise its discretion to grant the Application seeking the authority to issue and serve a subpoena duces tecum to Riata Corporate Group, LLC in the form of the subpoena duces tecum attached as Exhibit A to the Application.

## Recommendation

The Court should grant Petitioners' Application and Petition for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings in the Federal Republic Of Brazil [Dkt. No. 1] and grant Petitioners the authority to issue and serve a subpoena duces tecum to Riata Corporate Group, LLC in the form of the subpoena duces tecum attached as Exhibit A to the Application.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

-15-

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE